537 A.2d 92

Howard Yanofsky, Petitioner *v.* Commonwealth of Pennsylvania, State Horse Racing Commission, Respondent.

Argued December 17, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*James V. Mathieu, Jr.,* for petitioner.

*John B. Hannum, Jr.,* for respondent.

OPINION BY SENIOR JUDGE KALISH, February 9, 1988:

Petitioner, Howard Yanofsky, seeks review of an order of the Pennsylvania State Horse Racing Commission (Commission) suspending petitioner for thirty days and imposing a $250.00 fine. We affirm.

Petitioner is licensed by the Commission as a trainer for the horse "Cutting Thru." Following a standard post-race drug test, the sample showed the presence of caffeine in the horse's urine.

58 Pa. Code §163.302 (Code), relating to illegal practices, provides that it shall be the intent of the title to protect the integrity of horse racing. In that context, 58 Pa. Code §163.302(1) provides that no horse participating in a race shall carry in its body any foreign substance, and 58 Pa. Code §163.302(2) provides that no person shall administer such substance to a horse entered to race within twenty-four hours prior to post time.

The record shows that during the race, "Cutting Thru" was on lasix, a legally administered drug, and that the horse had been in the lasix barn prior to the race, as

is mandatory. Petitioner contends that since he had no control over his horse while it was in the lasix barn, he should not be held to have been negligent. He argues that the horse had access to caffeine from cups discarded by employees who drink coffee and cola drinks in the barn which are supplied through vending machines in the area.

58 Pa. Code §163.303(b) provides that a finding by a chemist that a foreign substance is present in the test sample shall be prima facie evidence that the substance was administered and prima facie evidence of negligence by the trainer in the care and custody of the horse. 58 Pa. Code §163.521(f) provides that a trainer shall be responsible for the condition of a horse trained by him.

The Commission found that the petitioner failed to protect the horse against the administration of illegal drugs and that petitioner was negligent. Our scope of review under the evidence in this case is to determine whether the finding is supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Negligence is the failure to exercise that care which a reasonable man would exercise under the circumstances. The amount of care required must always be proportionate to the seriousness of the consequences which are reasonably to be anticipated as a result of the conduct in question. *Maize v. Atlantic Refining Co.,* 352 Pa. 51, 41 A.2d 850 (1945). The Code provides that it shall be the intent of the regulations to protect the integrity of horse racing by preventing the illegal use of drugs. This standard of care may be supplied by an administrative regulation where, as here, it is provided that the presence of a foreign substance is prima facie evidence of negligence. The trainer has a positive duty to protect his horses from the administration of any pro-

hibited drug. *Sipp v. State Horse Racing Commission,* 77 Pa. Commonwealth Ct. 561, 466 A.2d 296 (1983).

Considering the preeminence of the Commission in this field, we view the failure to comply with these regulations as prima facie evidence of negligence as provided in the regulations. This means that the presence of such substance compels a conclusion that the Commission seeks, if petitioner produces no evidence. *Husbands v. Commonwealth of Pennsylvania,* 395 F. Supp. 1107, 1139 (E.D. Pa. 1975).

Here, petitioner did present evidence on the issue of negligence. In considering the weight of petitioner's evidence, and its persuasive quality, the Commission found the evidence to be speculative. This does not prevent a prima facie finding of negligence. Thus, there was substantial evidence to support the Commission's finding.

Accordingly, we affirm the order of the Commission.

## ORDER

Now, February 9, 1988, the order of the Pennsylvania State Horse Racing Commission, No. 83-127K, dated March 19, 1987, is affirmed.

Judge PALLADINO concurs in the result only.